**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000493
26-SEP-2013
08:56 AM**

NO. CAAP-12-0000493

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DERA DEVELOPMENT, LLC
KENNETH KUDO, member,
Plaintiff/Counterclaim-Defendant/Appellant/Cross-Appellee
v.
ANITA MITCHELL and MICHAEL SAKELL,
Defendant/Counterclaim-Plaintiff/Appellee/Cross-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3RC10-1-609)

MEMORANDUM OPINION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

In a case arising out of an alleged breach of a lease agreement, Plaintiff/Counterclaim-Defendant/Appellant/Cross-Appellee Kenneth Kudo (Kudo) appeals from the April 16, 2012 "Findings Of Facts And Conclusions Of Law; Judgment" (FOFCOL & Judgment) and the July 10, 2012 order declaring Kudo a vexatious litigant, both entered in the District Court of the Third Circuit[1] (district court). The FOFCOL & Judgment resolved several claims in favor of Defendant/Counterclaim-Plaintiff/Appellee/Cross-Appellant Anita Mitchell (Mitchell). Mitchell cross-appeals.

---

[1] The Honorable Harry P. Freitas presided.

## I.  BACKGROUND

On January 6, 2010, Kudo and Mitchell entered into a two-year rental agreement under which Kudo rented his property, an unfinished agricultural structure and two acres of surrounding land, to Mitchell in exchange for $1 a year and all improvements made by Mitchell becoming Kudo's property at the end of the rental term.  On May 4, 2010, Kudo filed a complaint for summary possession against Mitchell.  Kudo alleged Mitchell had violated their rental agreement and requested a judgment for possession and damages.

Mitchell agreed to vacate the premises by May 31, 2010 and judgment of possession was granted.  Mitchell accordingly vacated and then filed a counterclaim against Kudo, seeking quantum meruit for her labor on the property and for the cost of expenditures made in renovating the property.

The district court conducted a bench trial then issued its FOFCOL & Judgment in Mitchell's favor as to Kudo's complaint. The district court also awarded Mitchell $1,172.21 for building materials she had purchased to improve the property, but it denied any award for her leasehold interest because "the property, although improved, was not being rented at the time or in a condition that it could be rented."

After the FOFCOL & Judgment's entry, Mitchell filed a motion to declare Kudo a vexatious litigant pursuant to Hawaii Revised Statutes (HRS) § 634J-7(a) (1993).  The district court entered an order granting Mitchell's motion on July 10, 2012. The district court also denied motions for reconsideration filed by Kudo and by Mitchell.  On May 21, 2012, the district court entered a second "Judgment" which awarded $294.05 in attorney's fees to Mitchell.

## II.  STANDARDS OF REVIEW

"In this jurisdiction, a trial court's FOFs are subject to the clearly erroneous standard of review.  An FOF is clearly erroneous when, despite evidence to support the finding, the

2

appellate court is left with the definite and firm conviction that a mistake has been committed." Chun v. Bd. of Trs. of the Employees' Ret. Sys. of the State of Hawai'i, 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005) (internal quotation marks, citations, and ellipses omitted) (quoting Allstate Ins. Co. v. Ponce, 105 Hawai'i 445, 453, 99 P.3d 96, 104 (2004)). "An FOF is also clearly erroneous when the record lacks substantial evidence to support the finding. [The Hawai'i Supreme Court has] defined 'substantial evidence' as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Leslie v. Estate of Tavares, 91 Hawai'i 394, 399, 984 P.2d 1220, 1225 (1999) (internal quotation marks and citations omitted) (quoting State v. Kotis, 91 Hawai'i 319, 328, 984 P.2d 78, 87 (1999)).

> A COL is not binding upon an appellate court and is freely reviewable for its correctness. [The appellate court] ordinarily reviews COLs under the right/wrong standard. Thus, a COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned. However, a COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case.

Chun, 106 Hawai'i at 430, 106 P.3d at 353 (internal quotation marks, citations, and brackets in original omitted) (quoting Ponce, 105 Hawai'i at 453, 99 P.3d at 104).

We review a court's determination of whether a person is a vexatious litigant under the abuse of discretion standard. Ek v. Boggs, 102 Hawai'i 289, 294-95, 75 P.3d 1180, 1185-86 (2003).

### III. DISCUSSION

A.      Kudo's Appeal

Kudo's points on appeal claim: (1) the district court's vexatious litigant determination violated his due process rights; (2) the district court erred in awarding $1,172.21 in expenditures to Mitchell; and (3) Kudo was prejudiced by the

3

district court's entry of two judgments. We resolve Kudo's appeal as follows:

(1) Kudo claims Mitchell's motion to declare Kudo a vexatious litigant was not properly served. Kudo acknowledges he was served with Mitchell's motion on May 21, 2012. However, that service did not include a notice of hearing. On May 29, 2012, Mitchell served Kudo with an incomplete notice of hearing which set the hearing for June 4, 2012, six days later. As Kudo correctly asserts, this service did not comply with the requirements of District Court Rules of Civil Procedure (DCRCP) Rule 6(d), which states: "A written motion . . . and notice of the hearing thereof, shall be served not later than 14 days before the time specified for the hearing[.]"[2] Nevertheless, Mitchell's noncompliance did not prejudice Kudo because the hearing was continued to July 2, 2012. Kudo was served with notice of the rescheduled date, and he filed a written memorandum in opposition to Mitchell's motion before the hearing. On appeal Kudo makes no argument that he suffered prejudice from the error, and we conclude there was none.

We also reject Kudo's claim that the district court deprived him of due process by basing its vexatious litigant determination on grounds not raised in Mitchell's motion. Kudo's argument is without merit. Mitchell's memorandum supporting her motion argued Kudo had filed "baseless lawsuits" and "unmeritorious motions." The district court accordingly found "Kudo's actions have been done in bad faith" and that he had

---

[2]    DCRCP Rule 6(d) states in full:

   **For motions; affidavits.** A written motion, other than one which may be heard ex parte, and notice of the hearing thereof, shall be served not later than 14 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59(c), pleadings, memoranda and affidavits may be served not later than 72 hours preceding the hearing, unless the court permits them to be served at some other time.

"filed unmeritorious motions and other matters[.]" Kudo had the opportunity to respond to Mitchell's arguments in his memorandum in opposition and at the hearing on Mitchell's motion. Therefore, we conclude the district court did not abuse its discretion in determining Kudo is a vexatious litigant. Ek v. Boggs, 102 Hawai'i at 294-95, 75 P.3d at 1185-86 (applying abuse of discretion standard to vexatious litigant determination).

(2) Kudo argues Mitchell is entitled to half of the $1,172.21 award because half of the expenditures were attributable to Mitchell's partner. The FOFCOL and the record show that the district court found Mitchell paid the full amount of the expenditures. Kudo fails to establish that this factual finding was clearly erroneous.

(3) Kudo argues the district court's entry of the two judgments (the FOFCOL & Judgment and the May 21, 2012 Judgment awarding attorney's fees) prejudicially affected the timeliness of his motion for reconsideration. However, the timing did not cause prejudice because the district court based its denial of Kudo's motion for reconsideration on "the fact that no new evidence was presented," not on timeliness. The timing of Mitchell's motion for reconsideration also caused no prejudice because the district court denied the motion. Lastly, Kudo's claim that Mitchell's cross-appeal from the FOFCOL & Judgment is untimely is without merit.

B.      Mitchell's Cross-Appeal

On cross-appeal, Mitchell contends the district court erred in concluding Kudo's property "was not being rented at the time or in a condition that it could be rented" and therefore had no rental value. Mitchell argues the parties had stipulated that the fair rental value of the property was $800 per month, and the district court was bound by the stipulation. The record shows Kudo intended the stipulated value be used as an offset against any award on Mitchell's counterclaim for the value of her labor while she was on the property and therefore agreed that the

stipulation designated the property's fair rental value during Mitchell's lease.

We agree the district court erred because "[t]he facts within a stipulation are taken to be conclusive and binding upon the parties, the trial judge and the appellate court."  State v. Woodhall, 129 Hawai'i 397, 405, 301 P.3d 607, 615 (2013) (internal quotation marks, brackets, and ellipsis omitted). However, the district court's error was harmless in this case because Mitchell agreed to vacate the premises.

### IV.  CONCLUSION

We affirm the District Court of the Third Circuit's April 16, 2012 "Findings Of Facts And Conclusions Of Law; Judgment" and the July 10, 2012 "Order Granting Defendant Anita Mitchell's Motion To Declare Kenneth Kudo A Vexatious Litigant And Subject Him To A Prefiling Order."

DATED:  Honolulu, Hawai'i, September 26, 2013.

On the briefs:

Kenneth Kudo
Plaintiff/Counterclaim-
Defendant/Appellant/Cross-
Appellee pro se.

Carl Foytik
for Defendant/Counterclaim-
Plaintiff/Appellee/Cross-
Appellant Anita Mitchell.

Chief Judge

Associate Judge

Associate Judge

6